UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| RICHARD W. FELKER,<br>THOMAS W. FELKER,<br>GINA L. BOGDAN, and<br>BROCK THUIS,<br>individually and on Behalf<br>of Others Similarly Situated,<br><br>         Plaintiffs,<br><br>         v.<br><br>SOUTHWESTERN EMERGENCY<br>MEDICAL SERVICE, INC.,<br><br>         Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   2:05-cv-183-WGH-LJM<br>)<br>)<br>)<br>)<br>)<br>) |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW
IN SUPPORT OF THE DAMAGE DETERMINATION**

**I.    Findings of Fact and Conclusions of Law Under Plaintiffs' Breach of Contract Claims:**

1. This court has previously concluded that Defendant breached its "Intermediate EMT Contracts" with Richard Felker, Thomas Felker, and Brock Thuis by failing to pay each of them at a rate of at least $9.00 per hour after each signed his contract.

2. The parties have agreed to assume these contracts were signed on June 1, 2004.

3. The parties agree that Richard Felker was not paid wages under the contract of $1,947.17 and, with the application of the liquidated damages penalty under Indiana's wage payment statute, liquidated damages are in the amount of

$3,894.34. Therefore, Richard Felker is entitled to a judgment under the breach of contract and Indiana wage payment statute in the amount of $5,841.51.

    4. Thomas Felker was not paid wages pursuant to the contract in the total amount of $2,712.49. The liquidated damages due to Thomas Felker for failing to pay this wage rate amount is $5,424.98. Therefore, the total amount due to Thomas Felker is $8,137.47.

    5. Brock Thuis was not paid wages pursuant to the contract in the total amount of $991.71. Applying the liquidated damages amount due under the statute, he is due liquidated damages in the amount of $1,983.42. Therefore, the total amount due to Brock Thuis is $2,975.13.

**II.**    **Findings of Fact and Conclusions of Law Under Plaintiffs' FLSA Claims**

    6. The only evidence before this court which relates to the hours worked by the various Plaintiffs is contained in Damages Exhibit 1.

    7. The Magistrate Judge concludes that the summary of damages for Richard Felker (Plaintiffs' Exhibit 2), Thomas Felker (Plaintiffs' Exhibit 4), Gina Bogdan (Plaintiffs' Exhibit 5), and Brock Thuis (Plaintiff's Exhibit 6) are accurate summaries derived from such records as were kept by the Defendant in this case. The FLSA requires employers to make, keep, and preserve records of the individuals they employ and their wages, hours, and other conditions of employment. 29 U.S.C. § 211(c).

    8. According to the United States Supreme Court case of *Henderson v. Mt. Clemens Pottery Company,* 328 U.S. 680, 66 S.Ct. 1187 (1946):

> . . . . An employee who brings suit under . . . the Act for unpaid . . . overtime compensation, together with liquidated damages, has the burden of proving that he performed work for which he was not properly compensated. The remedial nature of this statute and the great public policy which it embodies, however, militate against making that burden an impossible hurdle for the employee. Due regard must be given to the fact that it is the employer who has the duty under § 11(c) of the Act to keep proper records of wages, hours and other conditions and practices of employment and who is in position to know and to produce the most probative facts concerning the nature and amount of work performed.
>
> * * * * *
>
> When the employer has kept proper and accurate records the employee may easily discharge his burden by securing the production of those records. But where the employer's records are inaccurate or inadequate and the employee cannot offer convincing substitutes a more difficult problem arises. The solution, however, is not to penalize the employee by denying him any recovery on the ground that he is unable to prove the precise extent of the uncompensated work. Such a result would place a premium on an employer's failure to keep proper records in conformity with his statutory duty; it would allow the employer to keep the benefits of an employee's labors without paying due compensation as contemplated by the Fair Labor Standards Act. In such a situation we hold that an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative [sic] the reasonableness of the inference to be drawn from the employee's evidence. If the employer fails to produce such evidence, the court may then award damages to the employee, even though the result be only approximate.

*Id.,* 328 U.S. 686-88.

9. In this case, the Magistrate Judge finds that the Defendant's records are inadequate or incomplete, and further finds that the Plaintiffs have brought forward such evidence as is available and is reasonable under the circumstances

to establish that they worked certain hours claimed. The burden has therefore shifted to the Defendant to bring forward additional information to show that the inferences drawn by the Plaintiffs are not reasonable.

10. The issue before this court has to do with circumstances under which the Plaintiffs were required to remain on duty for periods of 24 hours or more. The FLSA regulation regarding such compensation is found at 29 C.F.R. § 785.22:

> **Duty of 24 hours or more.**
>
> (a) General. Where an employee is required to be on duty for 24 hours or more, the employer and the employee may agree to exclude a bona fide regularly scheduled sleeping period of not more than 8 hours from hours worked, provided adequate sleeping facilities are furnished by the employer and the employee can usually enjoy an uninterrupted night's sleep. If sleeping period is of more than 8 hours, only hours will be credited. Where no express or implied agreement to the contrary is present, the 8 hours of sleeping time and lunch periods constitute hours worked.
>
> (b) Interruptions of sleep. If the sleeping period is interrupted by a call to duty, the interruption must be counted as hours worked. If the period is interrupted to such an extent that the employee cannot get a reasonable night's sleep, the entire period must be counted. For enforcement purposes, the Divisions have adopted a rule that if the employee cannot get at least 5 hours' sleep during the scheduled period then entire time is working time.

11. There is no express agreement before the court that the Defendant allowed its employees to "regularly" schedule eight-hour sleep breaks during the course of a 24-hour shift, nor did the Defendant provide scheduled meal breaks. The evidence from all witnesses was consistent that the employees were allowed to sleep when time was available and take meal breaks during such times as were available, depending upon the schedule of duties for a particular evening. The Magistrate Judge finds no implied agreement that these employees be allowed to

schedule eight-hour sleep breaks during which time they were not required to cover scheduled or emergency ambulance runs which might occur.

Therefore, the evidence before the court is that the Plaintiffs' claims should not be reduced for sleep or meal periods.

12. With respect to waiting time, the FLSA regulation governing this issue is found at 29 C.F.R. § 785.14 and is set forth as follows:

> Whether waiting time is time worked under the Act depends upon particular circumstances. The determination involves "scrutiny and construction of the agreements between particular parties, appraisal of their practical construction of the working agreement by conduct, consideration of the nature of the service, and its relation to the waiting time, and all of the circumstances. Facts may show that the employee was engaged to wait or they may show that he waited to be engaged." (*Skidmore v. Swift,* 323 U.S. 134 (1944)). Such questions "must be determined in accordance with common sense and the general concept of work or employment." (*Central Mo. Tel. Co. v. Conwell,* 170 F. 2d 641 (C.A. 8, 1948)).

13. In this case, the preponderance of the evidence shows that these employees were "engaged to wait," rather than being "waiting to be engaged." The Defendant was, by the nature of its business, required to have staff available at any time for transportation of patients from nursing homes to doctor's appointments. These services regularly required transportation at night to and from hospitals and nursing homes. While the Plaintiffs undoubtedly had some waiting time, and were allowed to use that waiting time in some manner, they were not free to leave the premises or to engage in activities that could not be discontinued upon very short notice to begin the transportation services that were to be provided. This is not the case in which the Defendant engaged more people than were necessary to accomplish their services, and those employees were

compensated only when they were actually called into service on a particular day or time. In addition, the Defendant has not tendered any specific evidence from which the court can do more than speculate as to how much time would be construed as waiting time for any particular person, job, or time period. In this case, the Magistrate Judge concludes that there is no waiting time which must be deducted from the Plaintiffs' records in this case.

### III.   Findings of Fact and Conclusions of Law Under Plaintiffs' Vacation Time Claims

14. The Plaintiffs testified that Richard Felker, Thomas Felker, and Brock Thuis were provided with three 24-hour shifts of paid vacation time per year after they had been employed over one year.

15. The Magistrate Judge has reviewed the payroll records made a part of Exhibit 1 with respect to vacation pay. In each instance, the records reflect that for a particular pay period a Plaintiff was paid a particular "contract pay" amount, an additional "on-call pay" amount, and for that particular pay period there is a denomination of either "plus 1" or "plus 2" "vac." Following these two columns is a column entitled "Gross" which appears to be the totals of the "Contract Pay" plus the "On-call Pay" for the particular pay period. In addition to these records, the Magistrate Judge reviewed the remaining pay stubs tendered. A review of those documents shows that on each pay stub, there are places for "Paid Time Off for Sick and Vacation Time" to be recorded on the pay stub. None of those records reflect that any vacation paid time off was "Used." Therefore, from a review of the records before the court, the Magistrate Judge is unable to determine with any

precision whether, during the pay period claimed, a particular Plaintiff actually took vacation time which would have resulted in working less than 40 hours in a particular week.  In this case, the failure of the employer to keep appropriate records from which such calculations should be based is – as described in the legal authority above – a failure of the Defendant to establish that the Plaintiffs were properly paid.

16.  Therefore, in this case, the Magistrate Judge concludes that the Defendant has failed to prove by a preponderance of the evidence that the Plaintiffs were properly paid during the time periods in which they took vacation.

### IV.   Findings of Fact and Conclusion of Law as to the Amounts Owed for Violations of the Fair Labor Standards Act

17.  The Plaintiffs have proven by sufficient evidence that they worked 24-hour shifts and that as a rule they worked over 40 hours in a work week.  Their summaries are just and reasonable inferences of the amount and extent of their work.

18. The Defendant's records are not adequate, and the defendant has failed in its burden to come forward with evidence "of the precise amount of work performed or with evidence to negate the reasonableness of the inference to be drawn from the employee's evidence."  *Henderson,* 328 U.S. at 687-88.

19.  Because the Defendant has been unable to establish that appropriate deductions can be made for sleep time, meal breaks, "waiting time," or vacation time, the Court will conclude that the plaintiffs' Summary of Damages (Exhibits 2-6) are the correct measure of damages, and that the appropriate damage awards

are as follows under a two-year statute of limitations for violation of the Fair Labor Standards Act.

Richard Felker – $20,470.49

Thomas Felker – $13,158.43

Brock Thuis - $9,310.58

Gina Bogdan – $3,858.38

20. The Defendant would be liable for damages for a three-year period of time if its actions were "willful" under and the "Portal-to-Portal Pay Act" found at 29 U.S.C. § 255. The standard for "willfulness" adopted in *Transworld Airlines, Inc. v. Thurston,* 469 U.S. 111, 105 S.Ct. 613, 83 L.Ed.2d 523 (1985), requires that the employer either knew or showed reckless disregard as to whether its conduct was prohibited by the statute. The evidence before this Court does not establish that the Defendant or its agents actually knew they were violating the statute. The decision about whether these Plaintiffs, who work unusual shifts, were entitled to overtime was a difficult decision for this Court to make, and the Court cannot conclude that the Defendant "recklessly disregarded" its obligation under the Act. The Court, therefore, declines to award damages for a third year of violation.

## Conclusion

Based upon these findings, Judgment shall issue on behalf of each Plaintiff and against Defendant, Southwestern Emergency Medical Services, Inc., in the combined amounts of damages for Breach of Contract, for Indiana Wage Payment

violations, and for violation of the Fair Labor Standards Act. Pursuant to FED.R.CIV.P. 54(d)(1), costs are allowed to the prevailing parties. Pursuant to FED.R.CIV.P. 54(d)(2), any motion for attorneys' fees and related non-taxable expenses shall be filed within fourteen (14) days of the entry of judgment.

**Entered:** September 8, 2008

_____
WILLIAM G. HUSSMANN, JR.
Magistrate Judge

**Electronic copies to:**

Scott Craig
COX ZWERNER GAMBILL & SULLIVAN
scraig@coxlaw.net

Robert Peter Kondras, Jr.
HUNT HASSLER & LORENZ LLP
kondras@huntlawfirm.net

Kelvin L. Roots
WILKINSON GOELLER MODESITT WILKINSON & DRUMMY
klroots@wilkinsonlaw.com

Jason M. Saunders
jasonsaunders22@hotmail.com