UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| RICHARD W. FELKER, THOMAS W. FELKER, and GINA L. BOGDAN, individually and on behalf of others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | 2:05-cv-183-WGH-LJM |
| SOUTHWESTERN EMERGENCY MEDICAL SERVICE, INC., | ) ) ) ) | |
| Defendant. | ) | |

**ORDER GRANTING PLAINTIFFS'
PETITION FOR ATTORNEYS' FEES AND EXPENSES**

This matter is before the Honorable William G. Hussmann, Jr., United States Magistrate Judge, by consent of the parties and an Order of Reference entered February 23, 2006, by the Honorable Larry J. McKinney, District Judge. (Docket No. 15).

Plaintiffs obtained a Judgment in their favor in this matter. (Docket No. 55). On September 18, 2008, plaintiffs filed a Petition for Attorneys' Fees and Expenses. (Docket Nos. 56-57). On September 22, 2008, defendant filed an Objection to Plaintiffs' Petition for Attorneys' Fees and Expenses. (Docket No. 58). On September 23, 2008, plaintiffs filed their Brief in Support of Petition for Attorneys' Fees. (Docket No. 59).

Defendant's sole objection to Plaintiffs' Petition for Attorneys' Fees and Expenses addresses whether plaintiffs' attorney, Robert Kondras, should be

compensated for time spent pursuing adversary claims in the defendant's bankruptcy case currently pending before the bankruptcy court. The work includes research on fraudulent transfers, the drafting of a bankruptcy adversary complaint, and research concerning creditor standing to avoid preferences. Plaintiffs' counsel, Robert Kondras, was appointed as special counsel to the Trustee in this case. The defendant requests that the court reduce the attorneys' fees sought by a total of 13.7 hours at $250.00 per hour because these fees are related to the bankruptcy filings, not to the issue of whether the defendant is liable for payment of wages.

Plaintiffs seek payment of their attorneys' fees under 29 U.S.C. § 216(b) and under I.C. 22-2-5-2.

Neither the plaintiffs nor the defendant cite to any definitive statute or case law which addresses the issue before the court. This court's own research did not result in finding any authority which definitively addresses this issue. In the absence of any authority directly on point, the Magistrate Judge must interpret the language describing payment of attorney fees under the Fair Labor Standards Act and under the Indiana Wage Payment Act.

Under the Fair Labor Standards Act at 29 U.S.C. § 216(b), an employer who violates "section 206 or 207 of this title" (i.e., the payment of a minimum wage or the failure to pay overtime for hours over the maximum) or who violates "section 215(a)(3) of this title" (i.e., who retaliates against an employee who has raised an issue about appropriate payment under the Act) is subject to an action

for the payment of wages and liquidated damages. The statute goes on to provide, in pertinent part:

> An action to recover *the liability* prescribed in either of the preceding sentences may be maintained against any employer . . . in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated . . . . The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.

*Id.* (emphasis added).

The Magistrate Judge concludes that legal research and the drafting of pleadings within the bankruptcy court on issues of preferential transfer and "creditor standing to avoid preferences" are actions which are not necessary to determine "*the liability*" of an employer who has "violated" section 206 or 207 or 215(a)(3) of the Act; or to determine the appropriate amount of wages due. Neither are these actions taken by Mr. Kondras a part of the "action" brought in the district court – since they are a part of a separate "adversary proceeding" brought under a different cause number in the bankruptcy court – a distinct subdivision of the district court itself. A decision by the bankruptcy court on the matters of preferences would be appealed to the district court under a separate cause number and would involve issues distinct and separate from the issue of *the liability* of the defendant for payment.

The Magistrate Judge, therefore, concludes that the actions taken by Mr. Kondras in the bankruptcy court are not a part of the attorneys' fees that may be awarded as a part of a decision by the district court that liability exists. Rather,

these become a part of the post-judgment collection process conducted under the supervision of the Trustee and the bankruptcy court. The hours objected to by the defendant are not part of an award of attorneys' fees under the FLSA.

May such fees be awarded under the Indiana wage payment statute found at I.C. 22-2-5-2? The language in that statute provides:

> **22-2-5-2. Payment violation – Penalty and damages. –** Every such . . . firm . . . who shall *fail to make payment of wages* to any such employee as provided in section 1 [IC 22-2-5-1] of this chapter shall, as liquidated damages for such failure, pay to such employee for each day that the amount due to him remains unpaid ten percent (10%) of the amount due to him in addition thereto, not exceeding double the amount of wages due, and said damages may be recovered in any court having jurisdiction of a suit to recover the amount due to such employee, and in any suit so brought to recover said wages or the liquidated damages for nonpayment thereof, or both, the court shall tax and assess as costs in said case a reasonable fee for the plaintiff's attorney or attorneys. (Emphasis added.)

The Indiana statutory language is much broader than that of the FLSA. The statute speaks to "payment" of wages, and imposes a penalty for failure to pay measured in days. The language suggests that attorney fees are properly paid not only when the amount of the liability is to be determined, but also if the wages remain "unpaid." In such a circumstance, an attorney's actions necessary to bring about the actual receipt of the wages are necessary to effectuate the purposes of the Act – the *prompt payment* of the wages owed. Therefore, the Magistrate Judge concludes that the attorneys' fees challenged by the defendant here are within the scope of the Indiana statute because the pursuit of the bankruptcy case was necessary to attempt to recover the actual payment of the

wages in as prompt a manner as possible.  The attorneys' fees for time spent in the bankruptcy court are recoverable since those actions were taken in furtherance of obtaining "payment" of the wages.

## Conclusion

The plaintiffs' counsel's request for payment of attorneys' fees is **GRANTED** in the total amounts of:

| | | | |
|---|---|---|---:|
| 1. | Robert Kondras | 185.45 hrs. @ $250/hr. | $46,362.50 |
| 2. | Jason Saunders | 84.0 hrs. @ $150/hr. | 12,600.00 |
| 3. | Robert Hunt | .20 hr @ $250/hr. | 50.00 |
| 4. | Expenses | | 335.65 |
| | | **TOTAL:** | $59,348.15 |

**SO ORDERED.**

**Dated:** October 20, 2007

_____
WILLIAM G. HUSSMANN, JR.
Magistrate Judge

**Electronic copies to:**

Scott Craig
COX ZWERNER GAMBILL & SULLIVAN
scraig@coxlaw.net

-6-

Robert Peter Kondras Jr.
HUNT HASSLER & LORENZ LLP
kondras@huntlawfirm.net

Kelvin L. Roots
WILKINSON GOELLER MODESITT
  WILKINSON & DRUMMY
klroots@wilkinsonlaw.com

Jason M. Saunders
jasonsaunders22@hotmail.com

-6-